STATE OF NORTH CAROLINA v. FLOYD WILLIAMS

No. 699SC294

(Filed 2 July 1969)

1. **Criminal Law § 75— inculpatory statements to law officers — admissibility**

   The trial court did not err in the admission of inculpatory statements made by defendant to law officers at defendant's home prior to his arrest, the trial court having found upon voir dire that the *Miranda* warnings were given to defendant and that the statements were made freely, voluntarily and understandingly, and defendant not having been in custody when the statements were made.

2. **Criminal Law §§ 84, 162— admissibility of weapon connected with crime — failure to object — search and seizure**

   The trial court did not err in the admission of a shotgun taken from defendant's home by a law officer, where defendant made no objection to the introduction of such evidence and the testimony shows that defendant voluntarily delivered the shotgun to the officer.

3. **Criminal Law § 132— motion to set verdict aside — appellate review**

   Motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial court, and the court's refusal to grant the motion is not reviewable on appeal.

4. **Criminal Law § 127— motion in arrest of judgment**

   Judgment in a criminal prosecution may be arrested on motion duly made only when some fatal error or defect appears on the face of the record proper.

APPEAL by defendant from *Bailey, J.,* at the Regular February 1969 Criminal Session of FRANKLIN Superior Court.

Defendant was charged in a bill of indictment, proper in form, alleging: (1) that on 29 July 1967 he feloniously broke and entered a dwelling house occupied by Clementine Wilson and Earl Alexander with intent to feloniously assault the said Clementine Wilson with a shotgun, and (2) that on said date defendant feloniously assaulted Clementine Wilson with a deadly weapon, to wit: a shotgun, with the intent to kill and murder the said Clementine Wilson, inflicting serious injuries not resulting in death.

Considered in the light most favorable to the State, the evidence tended to show: Defendant and Earl Alexander (Alexander) occupied houses adjoining each other in the Town of Louisburg. Prior to 29 July 1967, defendant had "lived with" Clementine Wilson (Clementine), but on that date she was residing in another section of Louisburg. Around 12:00 on Saturday night, defendant on returning

to his home overheard Clementine and Alexander talking in the lat-
ter's house. Defendant got his shotgun, forced open the door to Alex-
ander's house, shot a hole in the floor between Alexander's feet, turned
over the television set, heater and other furniture in the house, and
hit Clementine about her head and neck several times with the shot-
gun. Clementine ran from the house and eventually obtained medical
aid and went to the police station where she reported what had hap-
pened. Defendant continued to threaten Alexander but finally left
and returned to his own home. The next morning Sheriff William
Dement went to defendant's home and, among other things, defend-
ant told the sheriff that he knocked the door down, went into Alex-
ander's house, shot in the floor, beat Clementine with the shotgun
and "that he ought to have killed both of them." Louisburg Police
Chief Earl Tharrington went to defendant's home that afternoon
and talked with defendant, at which time he told Chief Tharrington
that he hit Clementine with the shotgun and that "he wished he had
killed her when he was hitting her."

For its verdict, the jury found the defendant guilty of breaking
and entering as charged in the bill of indictment but found him not
guilty of the felonious assault count. The court imposed an active
prison sentence of ten years, to begin at the expiration of a proba-
tionary sentence invoked at the same session of the court. Defendant
appealed.

*Attorney General Robert Morgan and Staff Attorney Carlos W.
Murray, Jr., for the State.*

*W. M. Jolly for defendant appellant.*

BRITT, J.

[1]     Defendant assigns as error the introduction into evidence of
certain inculpatory statements made by defendant to Chief of Po-
lice Tharrington and Sheriff Dement, contending that the safe-
guards of defendant's rights as set forth in *Miranda v. Arizona,* 384
U.S. 436, 16 L. Ed. 2d 694, were not provided.

The evidence disclosed that Sheriff Dement went to defendant's
home on Sunday morning around 9:30 or 10:00 after the altercation
on Saturday night. He did not place the defendant under arrest but
merely talked with defendant in his home on that occasion. Chief
Tharrington went to defendant's home that Sunday evening and
there talked with defendant before he was taken into custody. When
the solicitor asked witnesses Dement and Tharrington about state-
ments made to them by defendant on those occasions, the trial judge

excused the jury and conducted a voir dire, following which he found that the *Miranda* warnings were given to the defendant in each in-stance and that the statements were made freely, voluntarily and understandingly.

In *State v. Inman*, 269 N.C. 287, 152 S.E. 2d 192, our Supreme Court held that a statement voluntarily made by defendant to an officer prior to any custodial or interrogatory relationship between them is competent.

In *State v. Meadows*, 272 N.C. 327, 158 S.E. 2d 638, defendant was charged with murder. The evidence disclosed that the deceased was killed by a shotgun blast during an altercation in the home of the defendant. A police officer went to the scene of the shooting shortly after it occurred and defendant made a statement to the effect that he had shot the deceased. Defendant was not warned as to any of the constitutional rights set forth in *Miranda* and the ques-tion before the Supreme Court was whether, under the circumstances, such warning was necessary. In the opinion by Bobbitt, J., it is said:

"In *Miranda*, the majority opinion, delivered by Mr. Chief Jus-tice Warren, states that the constitutional issue decided 'is the admissibility of statements obtained from a defendant ques-tioned while in custody or otherwise deprived of his freedom of action in any significant way.' Repeatedly, reference is made to 'custodial interrogation.' Thus, the opinion states: '(T)he prose-cution may not use statements, whether exculpatory or inculpa-tory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' The opinion stated further: 'Our decision is not intended to hamper the traditional function of police officers in investigating crime. See *Escobedo v. Illinois*, 378 U.S. 478, 492, 12 L. Ed. 2d 977, 986, 84 S. Ct. 1758. . . . Such investigation may include in-quiry of persons not under restraint. General on-the-scene ques-tioning as to facts surrounding a crime or other general ques-tioning of citizens in the fact-finding process is not affected by our holding. It is an act of responsible citizenship for individuals to give whatever information they may have to aid in law en-forcement. In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily

present.'. The opinion also states: 'Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.' "

Our Supreme Court held that the *Miranda* warning was not necessary and that the evidence was competent.

We hold that the evidence of Officers Dement and Tharrington in the instant case was admissible and the assignments of error relating thereto are overruled.

[2]     Defendant assigns as error the taking of a shotgun from defendant's home by Officer Tharrington and the introduction of the shotgun into evidence. Defendant contends that the officer did not have a search warrant, therefore, the shotgun was illegally obtained and by virtue of G.S. 15-27 was not admissible in evidence.

The record discloses that when the shotgun was identified and offered in evidence, there was no objection by defendant. An objection to the admission of evidence is necessary to present defendant's contention that the evidence was incompetent. 3 Strong, N.C. Index 2d, Criminal Law, § 162, pp. 114, 115. Furthermore, the testimony was to the effect that the defendant voluntarily delivered the shotgun to the officer, and there was no evidence that the gun was found in the house pursuant to a search of the premises. The assignment of error is overruled.

Three of defendant's assignments of error relate to the trial judge's charge to the jury. We have carefully considered the charge and find that it was free from prejudicial error. The assignments of error are overruled.

[3, 4]     Defendant's assignment of error 7 is to the failure of the court to set aside the verdict as being against the greater weight of the evidence and to arrest the judgment. It is well settled in this jurisdiction that a motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial court, and its refusal to grant the motion is not reviewable on appeal. 3 Strong, N.C. Index 2d, Criminal Law, § 132, pp. 55, 56. It is also well established that a judgment in a criminal prosecution may be arrested on motion duly made when, and only when, some fatal error or defect appears on the face of the record proper. Defendant has not brought to our attention, nor do we find, any fatal error or defect on the face of the record proper. 3 Strong, N.C. Index 2d, Criminal Law, § 127, p. 43.

We have considered each of the assignments of error brought forward and discussed in defendant's brief, but finding them with-

out merit, they are overruled. Defendant received a fair trial and the sentence imposed was within statutory limits.

No error.

MALLARD, C.J., and PARKER, J., concur.